# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0066, <u>James V. Prieto & a. v. Town of Hollis & a.</u>, the court on December 15, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1). We affirm.

Plaintiff James V. Prieto appeals the order of the Superior Court (<u>Colburn</u>, J.) affirming the decision of the Town of Hollis Zoning Board of Adjustment (ZBA) granting a variance to Leo and Rita Cormier to operate a snow plow sales business on their property.  See RSA 674:33, I (Supp. 2019). The plaintiffs[1] argue that the superior court erred in concluding that the literal enforcement of the town's ordinance would result in an unnecessary hardship. They assert that: (1) the property has no special conditions that distinguish it from other properties in the area; and (2) the Cormiers' proposed use is not a reasonable one.

Judicial review in zoning cases is limited.  <u>Bartlett v. City of Manchester</u>, 164 N.H. 634, 639 (2013).  The superior court must treat all factual findings of the ZBA as <u>prima facie</u> lawful and reasonable, and may not set aside or vacate the ZBA's decision, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that the decision is unreasonable.  <u>Id</u>.; <u>see</u> RSA 677:6 (2016).  The review by the superior court is not to determine whether it agrees with the ZBA's findings, but to determine whether there is evidence upon which they could have been reasonably based. <u>Dartmouth Corp. of Alpha Delta v. Town of Hanover</u>, 169 N.H. 743, 750 (2017). In turn, we will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous.  <u>Harborside Assocs. v. Parade Residence Hotel</u>, 162 N.H. 508, 512 (2011).

Under RSA 674:33, I(b), a zoning board of adjustment has the power to grant a variance if: (1) "[t]he variance will not be contrary to the public interest"; (2) "[t]he spirit of the ordinance is observed"; (3) "[s]ubstantial justice is done"; (4) "[t]he values of surrounding properties are not diminished"; and (5) "[l]iteral enforcement of the provisions of the ordinance would result in an unnecessary hardship."  RSA 674:33, I(b)(1)-(5).

---

[1] Only James V. Prieto is identified in the notice of appeal as the appealing party.  However, the brief was filed on behalf of Prieto and two other abutters, James R. Seely and Silver Lake Flea Market, LLC.  In this order, we will refer to all three parties, collectively, as the "plaintiffs."

1

The Cormiers' property consists of a two-acre, rectangular-shaped lot with an existing two-family residence and a detached structure comprised of a two-car garage, a storage building, and a shed. The property is "split zoned"; approximately two-thirds of the lot is located in the agricultural and business zone (A&B Zone), and the "back" third is in the residential and agricultural zone. As an initial matter, we note that the plaintiffs do not appeal the ZBA's decision to grant the Cormiers a special exception extending the A&B Zone regulations to the entire lot.

The Cormiers intend to reside in the existing two-family home and to operate their snow plow sales business from the property. Mixed residential and business uses are permitted in the A&B Zone without a variance if they are located in the same building. See Hollis, N.H. Zoning Ordinance Section X(A)(1)(oo). The Cormiers sought a variance to construct a separate, fifty-by-sixty-foot building on the property and to store up to 180 plows in a screened, outside storage area in the back of the lot. They also intend to store three trucks, one flatbed trailer, one sander, three fork lifts, a skid steer, a back hoe, and a sander truck on the property.

The plaintiffs first argue that there is no unnecessary hardship because there are no special conditions on the property. RSA 674:33, I(b)(1) defines unnecessary hardship to mean that "owing to special conditions of the property that distinguish it from other properties in the area:

(A) No fair and substantial relationship exists between the general public purposes of the ordinance provision and the specific application of that provision to the property; and

(B) The proposed use is a reasonable one."

The plaintiffs argue that special conditions most often consist of a property's unique physical characteristics, and may include its irregular shape, limited frontage, wetlands, or other characteristics that interfere with its reasonable use. In this case, they argue, the property is a rectangular, conforming lot with adequate frontage and no special conditions. We have never held, however, that special conditions must relate to the physical characteristics of the land. On the contrary, in Harborside, we held that the ZBA and superior court did not err by focusing upon the building's size to determine whether the property had special conditions warranting a sign variance. Harborside, 162 N.H. at 518. The plaintiffs argue that Harborside is distinguishable because, in this case, the two-family residence does not limit the Cormiers' proposed use of the property.

However, the rectangular lot has just 200 feet of frontage, and the two-family residence is located in the front of the lot, just behind the front setback.

2

Rather than locating the snow plow sales business entirely in the existing two-family structure, or building an addition to the side or rear of the residence as allowed by the ordinance, the Cormiers seek to construct a separate storage building behind it, in compliance with the side setback and close to an existing garage, storage building, and shed.  The view of the proposed storage building from the street will be largely obstructed by the existing structures.  We conclude that the record supports a finding that no fair and substantial relationship exists between the purposes of the ordinance provision requiring mixed uses to be located in the same building and the application of that provision to this specific property, given the existing structures and the aforementioned special conditions.  Accordingly, we conclude that the record supports the superior court's finding that, under these unique circumstances, a special condition exists for purposes of RSA 674:33, I(b)(1).  See id. at 512.

The plaintiffs next argue that the Cormiers' proposed use is unreasonable given the area's essentially residential character.  The superior court found that the area is characterized by a mix of residential and business uses.  A flea market operates on a nearby lot, and the Cormiers' property has historically been used for overflow parking for the flea market.  Moreover, during deliberations, the ZBA chairman stated that "the area has historically been a business zone."  Members of the ZBA can consider their own knowledge concerning surrounding uses based upon their familiarity with the area.  Continental Paving v. Town of Litchfield, 158 N.H. 570, 575 (2009).  The superior court found that "the ZBA could reasonably conclude that the specific proposed business use—snow plow sales—is reasonable, given the other types of 'retail sales or services [that] are permitted' in the A&B Zone."  See Hollis, N.H. Zoning Ordinance Section X(A)(1).  We conclude that the record supports the superior court's finding that the proposed use is a reasonable one.  See Harborside, 162 N.H. at 512.

To the extent that the plaintiffs raise additional arguments, we conclude that they are inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), not preserved, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004), and warrant no further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3